### WILLIAMS *v.* UNITED STATES.

*(District Court, D. Maryland.* February 24, 1888.)

ELECTIONS AND VOTERS—SUPERVISORS—COMPENSATION—REV. ST. U. S. §§ 2012, 2031.

The compensation of a supervisor of elections appointed under section 2012 is, by section 2031, limited to $50, notwithstanding he may, in the performance of his duties, have necessarily served more than 10 days.

*(Syllabus by the Court.)*

At Law.

John A. Williams brings this action against the United States, under the act of March 3, 1887, to recover compensation beyond the sum allowed for services as supervisor of elections in the city of Baltimore.

*John E. Bennett,* for petitioner.

*Thomas G. Hayes* and *A. Stirling Pennington,* for the United States.

MORRIS, J. This is a suit by a supervisor of elections, appointed under section 2012 of the United States Revised Statutes, to recover from the United States compensation beyond and in addition to the sum of $50, upon the ground that he was necessarily employed in the performance of his duties for a longer period than 10 days.

The United States, by its demurrer, admits the statement of the plaintiff that he was duly appointed and qualified and served as supervisor of elections in the city of Baltimore for 19 days in the months of September and October, 1886, but denies that his service for 19 days gives the plaintiff a cause of action against the United States for more than the

sum of $50, for which amount the plaintiff admits he has been already satisfied, partly by payment and partly by a judgment against the United States. In my opinion the plaintiff, by his service, acquired no legal right of action against the United States for more than $50. In accepting the employment under the provisions of the act of congress, he accepted also the rate of compensation fixed by the act. It is provided by section 2031 that there shall be paid to him compensation at the rate of five dollars a day for each day he is actually on duty, *not exceeding* 10 *days*. This is equivalent to saying that his maximum pay for performing all the services required of him under the law shall be $50. The act has, as I read it, fixed and limited the compensation to $50, and the plaintiff cannot have a right of action for more than the maximum sum so allowed. I sustain the demurrer, and enter judgment for the United States.